**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LITTLE RIVER HEALTHCARE | § | Case No. 18-60526-rbk |
| HOLDINGS, LLC, *et al.* | § | |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

On July 24, 2018 (the "***Petition Date***"), Little River Healthcare Holdings, LLC ("***LRH***") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (each a "***Debtor***," collectively, the "***Debtors***") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").

Pursuant to the requirements of Bankruptcy Code Section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), the Debtors, with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***") with the United States Bankruptcy Court for the Western District of Texas (the "***Bankruptcy Court***").

Mr. Ronald Winters is the Chief Restructuring Officer of the Debtors and has signed each of the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Winters has relied upon the efforts, statements and representations of various personnel employed by the Debtors. Mr. Winters has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

These *Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "***Global Notes***") pertain to, are incorporated by reference in and comprise an integral part of each of the Debtors' Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Compass Pointe Holdings, LLC (1142), Little River Healthcare Holdings, LLC (7956), Timberlands Healthcare, LLC (1890), King's Daughters Pharmacy, LLC (7097), Rockdale Blackhawk, LLC (0791), Little River Healthcare - Physicians of King's Daughters, LLC (5264), Cantera Way Ventures, LLC (7815), and Little River Healthcare Management, LLC (6688). The Debtors' mailing address is 1700 Brazos Ave, Rockdale, TX 76567.

nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' commercially reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. Thus, the Debtors are unable to warrant or represent the Schedules and Statements are without inadvertent errors, omissions or inaccuracies. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update, amend or supplement the Schedules and Statements, but reserve the right to do so.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, offsets or defenses and/or causes of action arising under, *inter alia*, the provisions of Chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Description of Cases**. On the Petition Date, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108. No trustee or examiner has been requested in these chapter 11 cases.

On July 27, 2018, the Bankruptcy Court entered an *Order Granting Motion for Joint Administration* directing the procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 38]. On August 21, 2018, the United States Trustee for the Western District of Texas appointed the Official Committee of Unsecured Creditors (the "***Creditors' Committee***") [Docket No. 120] pursuant to section 1102(a)(1) of the Bankruptcy Code.

**Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of June 30, 2018. Market values of these assets may vary, at some times materially, from the net book value of such assets. Additionally, because the book values of assets such as patents, trademarks and copyrights may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets which have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

**Personal Property – Leased**. In the ordinary course of business, the Debtors may lease furniture, fixtures, and office equipment from certain third-party lessors for use in the daily operation of their businesses. Nothing in the Schedules and Statements is or shall be construed as an admission regarding any determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to any such issue.

**Recharacterization**. Notwithstanding the Debtors' commercially reasonable best efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available.

**Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate as they determine in their sole and absolute discretion.

The liabilities listed on the Schedules do not reflect any analysis of claims pursuant to Bankruptcy Code Section 503(b)(9). Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under Bankruptcy Code Section 503(b)(9) or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of one of the Debtor entities (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); (e) persons in control; and (f) Debtor/non-Debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Classifications**.  Listing a claim on (a) Schedule D as "secured," (b) Schedule E/F as "priority," (c) Schedule E/F as "unsecured" or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or leases or to setoff of such claims.

**Claims Description**. Schedules D and  E/F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtors.

**Causes of Action**.  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their (filed or potential) causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action against third parties and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action which are expressly reserved.

**Employee Addresses**. Employee addresses have been removed from entries listed on Schedules E/F and G. These addresses are available upon request of the Office of the United States Trustee and the Bankruptcy Court.

**Inter-Company Balances**.  As set forth in *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Pay Any Prepetition or Postpetition Amounts Outstanding on Account of the Bank Fees, (C) Maintain Existing Business Forms in the Ordinary Course of Business, and (D) Continue to Perform the Intercompany Transactions Consistent with Historical Practice, and (II) Granting Related Relief* [Docket No. 14] (the "**Cash Management Motion**"), the Debtors and certain of their non-debtor affiliates transfer cash pursuant to the Debtors' centralized cash management system. Intercompany transactions authorized pursuant to the Cash Management Motion are not included in the Debtors' Schedule E/F.

**Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

      a.    Undetermined Amounts. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

      b.    Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the

extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.    <u>Paid Claims</u>. The Debtors have authority to pay certain outstanding prepetition payables pursuant to various Bankruptcy Court orders (the "***Prepetition Payment Orders***"). Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities. In most instances, as applicable, the Debtors have omitted listing those prepetition liabilities which have been fully satisfied prior to the filing of these Schedules or reduced the remaining liability to reflect payments described herein. To the extent the Debtors pay any of the liabilities listed in the Schedules pursuant to the Prepetition Payment Orders, the Debtors reserve all of their rights to amend or supplement the Schedules or take other action as is necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

    d.    <u>Excluded Assets and Liabilities</u>. The Debtors have excluded certain accrued liabilities, including accrued salaries and employee benefits and tax accruals from the Schedules. Certain other immaterial assets and liabilities may also have been excluded.

    e.    <u>Liens</u>. Property, inventory and equipment listed in the Schedules may be presented without consideration of any liens that may attach (or have attached) to such property and equipment.

    f.    <u>Currency</u>. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**<u>Setoffs</u>**. The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their patients and/or suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules. Notwithstanding the foregoing, the Debtors have not reviewed the validity of the aforementioned setoff rights and hereby reserve all rights to challenge such setoff rights.

**<u>Global Notes Control</u>**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules**

**Schedule A/B**. For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

Unless indicated otherwise, asset values described in Schedule A/B are representative of values reflected on the Debtors' June 30, 2018 balance sheet.

**Schedule A/B, Part 1**. Details with respect to the Debtors' cash management system and bank accounts are provided in the Cash Management Motion.

**Schedule A/B7**. The Bankruptcy Court, pursuant to the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service* [Docket No. 13], has authorized the Debtors to provide adequate assurance of payment for future utility services, including a deposit in the amount of $75,000.00. Such deposits are not listed on Schedule A/B7, which was prepared as of the Petition Date.

**Schedule A/B11**. The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule A/B11, which represents the amount of the accounts receivable netted by any "doubtful accounts." For purposes of Schedule A/B11, "doubtful accounts" are those accounts that the Debtors have identified as unlikely to be paid given the amount of time such accounts have been outstanding.

**Schedules A/B14 and A/B15**. Ownership interests in subsidiaries, partnerships and joint ventures have been listed in Schedules A/B14 and A/B15 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule A/B, Part 5**. Unless otherwise stated in a specific Debtor's Schedule A/B, Part 5, book value is presented net of inventory reserves.

**Schedules A/B39-41 and A/B50**. For purposes of Schedules A/B39-41 and A/B50, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero may not be set forth on Schedules A/B39-41 and A/B50.

**Schedule A/B73**. Additional information regarding the insurance policies listed on Schedule A/B73 is available in the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Continue Insurance Coverage Entered Into Prepetition and Satisfy Prepetition Obligations Related Thereto, (II) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, (III) Honor the Terms of the Premium Financing Agreements and Pay Premiums Thereunder, and (IV) Enter into New Premium Financing Agreements in the Ordinary Course of Business* [Docket No. 11].

**Schedule A/B75**. In the ordinary course of their businesses, the Debtors may have accrued, or may

subsequently accrue, certain rights to causes of action, counterclaims, setoffs, refunds with their customers and suppliers or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, causes of action as a plaintiff or counter-claims as a defendant. To the extent such rights are known and quantifiable, they are listed on Schedule A/B75; however, any such rights which are unknown to the Debtors or not quantifiable as of the Petition Date are not listed on Schedule A/B75.

**Schedule D**. The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or as otherwise provided by an order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are solely intended to be a summary – and not an admission – of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Where an administrative agent serves with respect to any prepetition secured debt, only the administrative agent is listed as the creditor on Schedule D and not any other parties who may hold a portion of the debt.

**Schedule E/F, Part 1**. The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code. For example, on August 29, 2018, the Bankruptcy Court entered the *Final Order (I) Authorizing the Debtors to (A) Pay Certain Prepetition Wages, Benefits and Other Compensation, and (B) Continue Employee Compensation and Employee Benefits Programs, and (II) Granting Related Relief* [Docket No. 163], authorizing the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and employee medical and similar benefits. Additionally, on August 29, 2018, the Bankruptcy Court entered the *Final Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 160], authorizing the Debtors to pay or honor certain prepetition obligations owed to taxing authorities. To the extent such claims have been paid or may be paid pursuant to further Bankruptcy Court order, they may not be included on Schedule E/F, Part 1.

The claims listed on Schedule E/F, Part 1 arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E/F, Part 1, however, appear to have arisen or to have been incurred before the Petition Date.

**Schedule E/F, Part 2**. The Debtors have used their commercially best reasonable efforts to report all general unsecured claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' existing books and records as of the Petition Date. The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule E/F, Part 2 does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made every effort to include as a contingent, unliquidated or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Schedule E/F, Part 2 contains information regarding pending litigation involving the Debtors. In certain instances, the amount that is the subject of the litigation is uncertain or undetermined. The dollar amount of potential claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated and disputed in the Schedules and Statements.

Schedule E/F, Part 2 also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions  that counterparties have yet to satisfy. Any information contained in Schedule E/F, Part 2 with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with  respect to any of the potential suits and proceedings included therein.

Schedule E/F, Part 2 does not reflect any unsecured deficiency claims that may be held by prepetition secured creditors.

To the extent they are known, Schedule E/F, Part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or the assumption and assignment of an executory contract or unexpired lease.  Additionally, Schedule E/F, Part 2 does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

The Debtors are routinely subject to audit by the Debtors' largest payor, Medicare. Audits are currently under way by Medicare's contracting agents, the results of which are unknown. The impact of these audits could result in: (a) recoupments by Medicare netted against services currently being rendered; and (b) lower (or higher) prospective payment rates.  The amount of this potential liability, if any, is unknown and not included in Schedule E/F , Part 2.

A portion of the Debtors' accounts payable records for Timberlands Healthcare, LLC are controlled by Computer Programs and Systems, Inc. ("*CPSI*"). The Debtors are currently in a dispute with CPSI and such records are being withheld by CPSI. Accordingly, the unsecured claims listed on Schedule E/F for Timberlands Healthcare, LLC reflect the Debtors' best commercially reasonable efforts to report known claims based on the accessible data. The Debtors reserve the right to amend Schedule E/F as necessary upon obtaining access to the necessary records currently in CPSI's control.

Certain of the Debtors may owe patients refunds for services. The claim amount for such refunds is unliquidated and unknown at this time. Accordingly, the Debtors have not included such patient claims in Schedule E/F.

**Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts.

Listing a contract or lease on Schedule G does not constitute an admission that such contract or lease is an executory contract or unexpired lease or that such contract or lease was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, leases or other agreements set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the contracts and leases listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality or non-disclosure agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and leases listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract or unexpired lease, a single contract or lease or multiple, severable or separate contracts or leases.

The contracts, leases and other agreements listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and leases on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary

course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts or unexpired leases becomes available. Certain of the executory contracts or unexpired leases may not have been memorialized and could be subject to dispute. Executory contracts that are oral in nature have not been included on Schedule G.

Omission of a contract or lease from Schedule G does not constitute an admission that such omitted contract or lease is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or leases are not impaired by the omission.

The listing of any contract or lease on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or lease or an admission that such contract or lease is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract or lease.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition secured credit facility are listed as co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Where an administrative agent serves with respect to any debt as to which there are co-debtors, only the administrative agent is listed as the creditor on Schedule H and not any other parties who may hold a portion of the debt.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule E/F, Part 2 and Statement 4a, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 1**. The amounts listed in Statement 1 reflect the revenue for the fiscal years 2016, 2017 and the year to date portion of fiscal year 2018 of each Debtor as such amount is calculated in the Debtors' records.

**Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtors except for those made to insiders (see Statement 4) and bankruptcy professionals (see Statement 11). The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3. All disbursements listed on Statement 3 are made through the Debtors' cash management system. Additionally, all disbursement information reported in

Statement 3 for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

**Statement 7**. Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule E/F, Part 2 for the applicable Debtor. Additionally, any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 10**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement 11**. Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by Rockdale Blackhawk, LLC or Little River Healthcare Management, LLC and are therefore listed on those Debtors' response to Statement 11.

**Statement 14**. With respect to information provided in Statement 14, the Debtors have, where applicable, disclosed the address of each Debtor's main center of operations or headquarters, and have not included information regarding any related warehousing or storage facilities, or any other site or location where a portion of a Debtor's business operations are conducted.

**Statement 27**. The Debtors conduct weekly counts of system selected items, and conduct a complete physical inventory of all items once at year end.

**Statement 30**. Unless otherwise indicated in a Debtor's specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

*[Remainder of page intentionally left blank.]*

**Fill in this information to identify the case:**

Debtor   LITTLE RIVER HEALTHCARE MANAGEMENT, LLC

United States Bankruptcy Court for the:   WESTERN DISTRICT OF TEXAS

Case number   18-60530
(if known)

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

### 1. Gross revenue from business

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From  1/1/2018 | To  6/30/2018 | ☒ Operating a business<br>☐ Other | $6,039,725.11 |
| For prior year: | From  1/1/2017 | To  12/31/2017 | ☒ Operating a business<br>☐ Other | $7,985,508.43 |

### 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

SEE EXHIBIT 3

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

SEE EXHIBIT 4

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Part 3: | Legal Actions or Assignments |
|---|---|

Debtor _____ (Name)

---

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| ABBOTT VASCULAR AND ST. JUDE MEDICAL V. LITTLE RIVER HEALTHCARE MANAGEMENT, LLC<br><br>**Case number**<br>CV38638 | DEBT COLLECTION | 20TH JUDICIAL CIRCUIT MILAM COUNTY, TEXAS 102 S FANNIN AVE #5 CAMERON, TX 76520 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

---

**Part 4:**    Certain Gifts and Charitable Contributions

---

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

---

**Part 5:**    Certain Losses

---

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

---

**Part 6:**    Certain Payments or Transfers

---

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| EPIQ SYSTEMS ACQUISITIONS INC 777 THIRD AVENUE, 11TH FLOOR NEW YORK, NY 10017<br><br>**Email or website address**<br>ATSAI@EPIQGLOBAL.COM<br><br>**Who made the payment, if not debtor?** | | 7/20/2018 | $19,835.14 |
| EPIQ SYSTEMS ACQUISITIONS INC 777 THIRD AVENUE, 11TH FLOOR NEW YORK, NY 10017<br><br>**Email or website address**<br>ATSAI@EPIQGLOBAL.COM<br><br>**Who made the payment, if not debtor?** | | 7/3/2018 | $20,000.00 |
| HEALTHCARE MANAGEMENT PARTNERS 1033 DEMONBREUN ST, STE 300 NASHVILLE, TN 37203<br><br>**Email or website address**<br>RWINTERS@HCMPLLC.COM<br><br>**Who made the payment, if not debtor?** | | 6/25/2018 | $40,000.00 |
| HEALTHCARE MANAGEMENT PARTNERS 1033 DEMONBREUN ST, STE 300 NASHVILLE, TN 37203<br><br>**Email or website address**<br>RWINTERS@HCMPLLC.COM<br><br>**Who made the payment, if not debtor?** | | 7/3/2018 | $120,000.00 |

---

Debtor HERMAN CONSTRUCTION GROUP, INC. Case number (if known) 18-60530
      (Name)

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| HEALTHCARE MANAGEMENT PARTNERS<br>1033 DEMONBREUN ST, STE 300<br>NASHVILLE, TN 37203 | | 7/17/2018 | $120,000.00 |
| **Email or website address**<br>RWINTERS@HCMPLLC.COM | | | |
| **Who made the payment, if not debtor?** | | | |
| HEALTHCARE MANAGEMENT PARTNERS<br>1033 DEMONBREUN ST, STE 300<br>NASHVILLE, TN 37203 | | 7/23/2018 | $45,000.00 |
| **Email or website address**<br>RWINTERS@HCMPLLC.COM | | | |
| **Who made the payment, if not debtor?** | | | |
| WALLER LANSDEN DORTCH & DAVIS LLP<br>IOLTA<br>100 CONGRESS AVE, STE. 1800<br>AUSTIN, TX 78701 | | 5/7/2018 | $10,000.00 |
| **Email or website address**<br>MORRIS.WEISS@WALLERLAW.COM | | | |
| **Who made the payment, if not debtor?** | | | |
| WALLER LANSDEN DORTCH & DAVIS LLP<br>IOLTA<br>100 CONGRESS AVE, STE. 1800<br>AUSTIN, TX 78701 | | 5/25/2018 | $37,500.00 |
| **Email or website address**<br>MORRIS.WEISS@WALLERLAW.COM | | | |
| **Who made the payment, if not debtor?** | | | |
| WALLER LANSDEN DORTCH & DAVIS LLP<br>IOLTA<br>100 CONGRESS AVE, STE. 1800<br>AUSTIN, TX 78701 | | 6/21/2018 | $30,000.00 |
| **Email or website address**<br>MORRIS.WEISS@WALLERLAW.COM | | | |
| **Who made the payment, if not debtor?** | | | |
| WALLER LANSDEN DORTCH & DAVIS LLP<br>IOLTA<br>100 CONGRESS AVE, STE. 1800<br>AUSTIN, TX 78701 | | 6/26/2018 | $30,000.00 |
| **Email or website address**<br>MORRIS.WEISS@WALLERLAW.COM | | | |
| **Who made the payment, if not debtor?** | | | |
| WALLER LANSDEN DORTCH & DAVIS LLP<br>IOLTA<br>100 CONGRESS AVE, STE. 1800<br>AUSTIN, TX 78701 | | 7/3/2018 | $100,000.00 |
| **Email or website address**<br>MORRIS.WEISS@WALLERLAW.COM | | | |
| **Who made the payment, if not debtor?** | | | |
| WALLER LANSDEN DORTCH & DAVIS LLP<br>IOLTA<br>100 CONGRESS AVE, STE. 1800<br>AUSTIN, TX 78701 | | 7/17/2018 | $115,000.00 |
| **Email or website address**<br>MORRIS.WEISS@WALLERLAW.COM | | | |
| **Who made the payment, if not debtor?** | | | |
| WALLER LANSDEN DORTCH & DAVIS LLP<br>IOLTA<br>100 CONGRESS AVE, STE. 1800<br>AUSTIN, TX 78701 | | 7/23/2018 | $95,000.00 |
| **Email or website address**<br>MORRIS.WEISS@WALLERLAW.COM | | | |
| **Who made the payment, if not debtor?** | | | |

Debtor _____ Case number (if known) _____
     (Name)

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

**13. Transfers not already listed on this statement**
List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Part 7: | Previous Locations |
|---------|--------------------|

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---------|--------------------|
| 1 CHISHOLM TRAIL, #400<br>ROUND ROCK, TX 78681 | From APR 2016      To JUL 2018 |

| Part 8: | Health Care Bankruptcies |
|---------|--------------------------|

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
—   diagnosing or treating injury, deformity, or disease, or
—   providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ None

| Part 9: | Personal Identifiable Information |
|---------|----------------------------------|

**16. Does the debtor collect and retain personally identifiable information of customers?**
☑ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**
☑ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

    ☑ No. Go to Part 10.
    ☐ Yes. Fill in below:

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|----------|------------------------------------------------------------------|

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes.  Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes.  Provide details below.

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes.  Provide details below.

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business  name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| GUYMON HEALTHCARE MANAGEMENT, LLC | MANAGED HOSPITAL IN GUYMON, OK UNTIL MANAGEMENT AGREEMENT WAS TERMIANTED. | 30-0945425<br>**Date business existed**<br>From7/2016      To4/2018 |
| LITTLE RIVER HEALTHCARE - CROCKETT MANAGEMENT, LLC | MANAGED HOSPITAL IN CROCKETT, TX UNTIL ACQUIRED BY TIMBERLANDS HEALTHCARE, LLC | 38-4001304<br>**Date business existed**<br>From4/2016      To2/2017 |
| QUARTZ MOUNTAIN MANAGEMENT, LLC | MANAGED HOSPITAL IN MANGUM, OK UNTIL ACQUIRED BLACKHAWK MANGUM, LLC THROUGH QUARTZ MOUNTAIN HEALTHCARE HOLDINGS, LLC | 38-4003990<br>**Date business existed**<br>From4/2016      To2/2017 |

**26. Books, records, and financial statements**

26a.   List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| KLOPPE, WILLIAM<br>CHIEF FINANCIAL OFFICER<br>2037 E ATMORE CIRCLE<br>DELTONA, FL  32725 | From  1/2018        To  4/2018 |
| PIERCE, DEREK<br>CHIEF FINANCIAL OFFICER<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | From  6/2018        To  CURRENT |

**26b.** List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| BAKER TILLY VIRCHOW KRAUSE LLP<br>P.O. BOX 78975<br>MADISON, WI 53278-8975 | From 4/29/2016    To  PRESENT |

**26c.** List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

**26d.** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| ALLEN MAXWELL & SILVER<br>17-17 ROUTE 208 NORTH<br>SUITE 340<br>FAIR LAWN, NJ 07410 |
| AMERICORE HEALTH, LLC<br>4201 NE 34TH AVE<br>FT. LAUDERDALE, FL 33308 |
| AUSTIN PAIN ASSOCIATES<br>2501 WEST WILLIAM CANNON<br>SUITE 401<br>AUSTIN, TX 78745 |
| BALMORAL FUNDS, LLC<br>11150 SANTA MONICA BLVD., STE. 825<br>LOS ANGELES, CA 90025 |
| BBVA/COMPASS BANK<br>2200 POST OAK BLVD<br>HOUSTON, TX 77056 |
| CHRISTUS HEALTH<br>919 HIDDEN RIDGE<br>IRVING, TX 75038 |
| CNH FINANCE, LP<br>3 BETHESDA METRO, #723<br>BETHESDA, MD 20814 |
| HUMANA INC.<br>500 WEST MAIN STREET<br>LOUISVILLE, KY 40202 |
| INDIGO CAPITAL, LLC<br>325 W. 38TH STREET<br>#1005<br>NEW YORK, NY 10018 |
| INNOVACARE, INC.<br>173 BRIDGE PLAZA NORTH<br>FORT LEE, NJ 07024 |
| JPMORGAN CHASE BANK, N.A.<br>270 PARK AVENUE<br>NEW YORK, NY 10017 |
| LRH MERIDIAN<br>4220 BULL CREEK RD<br>AUSTIN, TX 78731 |
| MIDCAP FINANCIAL SERVICES, LLC<br>7255 WOODMONT AVE<br>SUITE 200<br>BETHESDA, MD 20814 |
| MONROE CAPTIAL MANAGEMENT ADVISORS, LLC<br>311 S WACKER DRIVE, 64TH FLOOR<br>CHICAGO, IL 60606 |
| PIPELINE HOSPITAL HOLDINGS, LLC<br>898 NORTH SEPULVEDA BLVD<br>SUITE 500<br>EL SEGUNDO, CA 90245 |

| Name and address |
|---|
| PROVIDENCE HOSPITAL<br>16750 RED OAK DRIVE<br>HOUSTON, TX 77090 |
| RIDGEDALE PARTNERS, LLC<br>1999 AVENUE OF THE STARS, STE. 2040<br>LOS ANGELES, CA 90067 |
| USPI<br>15305 DALLAS PARKWAY<br>SUITE 1600<br>ADDISON, TX 75001 |
| WELSH, CARSON, ANDRESON & STOWE<br>599 LEXINGTON AVENUE<br>SUITE 1800<br>NEW YORK, NY 10022 |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ None

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| LITTLE RIVER HEALTHCARE HOLDINGS, LLC | 1700 BRAZOS AVE ROCKDALE, TX 76567 | PARENT COMPANY | 100% |
| JEFFREY MADISON | 1700 BRAZOS AVE ROCKDALE, TX 76567 | MANAGER AND CHIEF EXECUTIVE OFFICER | N/A |
| PEGGY BORGFELD | 1700 BRAZOS AVE ROCKDALE, TX 76567 | MANAGER AND ASSOCIATE CHIEF FINANCIAL OFFICER | N/A |
| ANDREA CUNHA | 1700 BRAZOS AVE ROCKDALE, TX 76567 | GENERAL COUNSEL | N/A |
| DEREK PIERCE | 1700 BRAZOS AVE ROCKDALE, TX 76567 | CHIEF FINANCIAL OFFICER | N/A |
| RONALD WINTERS | 1700 BRAZOS AVE ROCKDALE, TX 76567 | CHIEF RESTRUCTURING OFFICER | N/A |
| KYLIE SHCHERBAKOV | 1700 BRAZOS AVE ROCKDALE, TX 76567 | CHIEF COMPLIANCE OFFICER | N/A |
| CURTIS PAYNE | 1700 BRAZOS AVE ROCKDALE, TX 76567 | CHIEF INFORMATION OFFICER | N/A |
| SHEILA LOPEZ | 1700 BRAZOS AVE ROCKDALE, TX 76567 | CHIEF NURSING OFFICER | N/A |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| JAMES NUGENT | 550 W. VAN BUREN STREET CHICAGO, IL 60607 | FORMER CHIEF RESTRUCTURING OFFICER | From 7/11/2017 To 2/20/2018 |
| KEVIN OWENS | 1700 BRAZOS AVE ROCKDALE, TX 76567 | FORMER MANAGING MEMBER | From 2/2/2018 To 3/18/2018 |
| MATT MAXFIELD | 7030 CHIMNEY HILL NOLANVILLE, TX 76559 | FORMER CHIEF OPERATING OFFICER | From 11/1/2016 To 8/1/2017 |
| RYAN DOWNTON | 6607 CANON WREN DRIVE AUSTIN, TX 78746 | FORMER CHIEF COMPLIANCE OFFICER | From 1/7/2015 To 8/24/2017 |
| RYAN DOWNTON | 6607 CANON WREN DRIVE AUSTIN, TX 78746 | FORMER MANAGING MEMBER AND CHIEF LEGAL OFFICER | From 1/7/2015 To 2/2/2018 |
| RYAN DOWNTON | 6607 CANON WREN DRIVE AUSTIN, TX 78746 | FORMER CHIEF BUSINESS DEVELOPMENT OFFICER | From 8/24/2017 To 2/2/2018 |

(Name)

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|--------------------------------------------------|
| TODD COOK | 127 MARINA VILLAGE COVE LAKEWAY, TX 78734 | FORMER CHIEF ADMINISTRATIVE OFFICER | From 6/1/2016  To 2/1/2018 |
| WESLEY GILLILAND | 705 CHAMPIONS DRIVE GEORGETOWN, TX 78628 | FORMER CHIEF STRATEGIC OFFICER | From 6/1/2016  To 6/29/2018 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ None

SEE QUESTION 4

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|-------------------------------|----------------------------------------------------------|
| LITTLE RIVER HEALTHCARE HOLDINGS, LLC (PRIOR TO 3/31/2017) | 32-0457956 |
| COMPASS POINTE HOLDINGS, LLC (AS OF 3/31/2017) | 81-4561142 |

* ON 3/31/17, ALL MEMBERSHIP INTERESTS OF OWNERS WERE PROCESSED AS A MERGER AND TRANSFERRED FROM LITTLE RIVER HEALTHCARE HOLDINGS, LLC, TO COMPASS POINTE HOLDINGS, LLC. NEITHER PARTY IS AN INVESTMENT COMPANY, NO GAIN OR LOSS IS RECOGNIZED.

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on SEPTEMBER 8, 2018.

✖ | /s/ RONALD WINTERS | RONALD WINTERS
--- | --- | ---
| Signature of individual signing on behalf of the debtor | Printed Name

CHIEF RESTRUCTURING OFFICER
Position or relationship to debtor

 Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☐ No
☑ Yes

**Statement of Financial Affairs - Exhibit 3**

**Little River Healthcare Management, LLC  18-60530**

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| BEACON MANAGEMENT ADVISORS, LLC<br>1953 N. CLYBOURN AVENUE STE 316<br>CHICAGO, IL 60614 | 06/15/2018 | $15,000.00 | SUPPLIERS OR VENDORS |
| | 07/03/2018 | $37,698.85 | SUPPLIERS OR VENDORS |
| | | **$52,698.85** | |
| H2C ANALYTICS LLC<br>4655 EXECUTIVE DR, STE 280<br>SAN DIEGO, CA 92121 | 04/24/2018 | $275,000.00 | SUPPLIERS OR VENDORS |
| | 05/04/2018 | $55,000.00 | SUPPLIERS OR VENDORS |
| | | **$330,000.00** | |
| MARTINC, WINN & VICKERS, P.C.<br>611 S. CONGRESS, SUITE 450<br>AUSTIN, TX 78704 | 12/01/2017 | $90,000.00 | SERVICES |
| | | **$90,000.00** | |
| PRINCIPAL LIFE INSURANCE<br>711 HIGH ST<br>PO BOX 10431<br>DES MOINES, IA 50306-0431 | 04/26/2018 | $5,931.12 | OTHER - EMPLOYEE 401K CONTRIBUTIONS |
| | 05/10/2018 | $5,930.15 | OTHER - EMPLOYEE 401K CONTRIBUTIONS |
| | 05/24/2018 | $5,930.78 | OTHER - EMPLOYEE 401K CONTRIBUTIONS |
| | 06/07/2018 | $4,929.70 | OTHER - EMPLOYEE 401K CONTRIBUTIONS |
| | 06/21/2018 | $4,931.67 | OTHER - EMPLOYEE 401K CONTRIBUTIONS |
| | 07/06/2018 | $6,433.14 | OTHER - EMPLOYEE 401K CONTRIBUTIONS |
| | 07/18/2018 | $5,757.82 | OTHER - EMPLOYEE 401K CONTRIBUTIONS |
| | | **$39,844.38** | |
| STEVENS & LEE<br>PO BOX 679<br>READING, PA 19603-0679 | 05/07/2018 | $5,000.00 | SUPPLIERS OR VENDORS |
| | 05/30/2018 | $5,000.00 | SUPPLIERS OR VENDORS |
| | 06/08/2018 | $5,020.20 | SUPPLIERS OR VENDORS |
| | | **$15,020.20** | |

**Grand Total:  5**                    **$527,563.43**

**Statement of Financial Affairs - Exhibit 4**

**Little River Healthcare Management, LLC   18-60530**

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|------|----------------------|--------------|--------|-------------|
| BORGFELD, PEGGY<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | Owner, Manager, And<br>Associate Cfo | 04/20/2018 | ███ | REGULAR WAGES, INSURANCE SUPPLEMENT, AUTO ALLOWANCE, AND WAGE CORRECTIONS |
| | | 05/04/2018 | ███ | REGULAR WAGES, INSURANCE SUPPLEMENT, AUTO ALLOWANCE, AND WAGE CORRECTIONS |
| | | 05/18/2018 | ███ | REGULAR WAGES, INSURANCE SUPPLEMENT, AUTO ALLOWANCE, AND WAGE CORRECTIONS |
| | | 06/01/2018 | ███ | REGULAR WAGES, INSURANCE SUPPLEMENT, AUTO ALLOWANCE, AND WAGE CORRECTIONS |
| | | 06/29/2018 | ███ | REGULAR WAGES, INSURANCE SUPPLEMENT, AUTO ALLOWANCE, AND WAGE CORRECTIONS |
| | | 06/29/2018 | ███ | REGULAR WAGES, INSURANCE SUPPLEMENT, AUTO ALLOWANCE, AND WAGE CORRECTIONS |
| | | 07/13/2018 | ███ | REGULAR WAGES, INSURANCE SUPPLEMENT, AUTO ALLOWANCE, AND WAGE CORRECTIONS |
| | | 07/27/2018 | ███ | REGULAR WAGES, INSURANCE SUPPLEMENT, AUTO ALLOWANCE, AND WAGE CORRECTIONS |
| | | 08/10/2018 | ███ | REGULAR WAGES, INSURANCE SUPPLEMENT, AUTO ALLOWANCE, AND WAGE CORRECTIONS |
| | | | ███ | |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|------|------------------------|--------------|--------|-------------|
| COOK, TODD<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | Chief Administrative Officer | 08/11/2017 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 08/25/2017 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 09/08/2017 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 09/22/2017 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 10/06/2017 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 10/20/2017 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 11/03/2017 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 11/17/2017 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 12/01/2017 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 12/15/2017 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 12/29/2017 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 01/12/2018 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 01/26/2018 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 02/09/2018 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 03/23/2018 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 04/06/2018 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 04/20/2018 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 05/04/2018 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | 05/18/2018 | ■■■■ | REGULAR WAGES, AUTO ALLOWANCE AND CELL PHONE REIMBURSEMENT |
| | | | ■■■■ | |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|------|------------------------|--------------|--------|-------------|
| CUNHA, ANDREA<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | General Counsel | 08/11/2017 | █████ | REGULAR WAGES |
| | | 08/25/2017 | █████ | REGULAR WAGES |
| | | 09/08/2017 | █████ | REGULAR WAGES |
| | | 09/22/2017 | █████ | REGULAR WAGES |
| | | 10/06/2017 | █████ | REGULAR WAGES |
| | | 10/20/2017 | █████ | REGULAR WAGES |
| | | 11/03/2017 | █████ | REGULAR WAGES |
| | | 11/17/2017 | █████ | REGULAR WAGES |
| | | 12/01/2017 | █████ | REGULAR WAGES |
| | | 12/15/2017 | █████ | REGULAR WAGES |
| | | 12/29/2017 | █████ | REGULAR WAGES |
| | | 01/12/2018 | █████ | REGULAR WAGES AND RETENTION BONUS |
| | | 01/26/2018 | █████ | REGULAR WAGES |
| | | 02/09/2018 | █████ | REGULAR WAGES |
| | | 02/23/2018 | █████ | REGULAR WAGES |
| | | 03/09/2018 | █████ | REGULAR WAGES |
| | | 03/23/2018 | █████ | REGULAR WAGES |
| | | 04/06/2018 | █████ | REGULAR WAGES |
| | | 04/20/2018 | █████ | REGULAR WAGES |
| | | 05/04/2018 | █████ | REGULAR WAGES |
| | | 05/18/2018 | █████ | REGULAR WAGES |
| | | 06/01/2018 | █████ | REGULAR WAGES |
| | | 06/15/2018 | █████ | REGULAR WAGES |
| | | 06/29/2018 | █████ | REGULAR WAGES |
| | | 07/13/2018 | █████ | REGULAR WAGES |
| | | 07/27/2018 | █████ | REGULAR WAGES |
| | | 08/10/2018 | █████ | REGULAR WAGES |
| | | | █████ | |
| GILLILAND, WESLEY<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | Chief Strategic Officer | 10/20/2017 | █████ | REGULAR WAGES |
| | | 11/03/2017 | █████ | REGULAR WAGES |
| | | 11/17/2017 | █████ | REGULAR WAGES |
| | | 12/01/2017 | █████ | REGULAR WAGES |
| | | 12/15/2017 | █████ | REGULAR WAGES |
| | | 12/29/2017 | █████ | REGULAR WAGES |
| | | 01/12/2018 | █████ | REGULAR WAGES |
| | | 01/26/2018 | █████ | REGULAR WAGES |
| | | 02/09/2018 | █████ | REGULAR WAGES |
| | | 02/23/2018 | █████ | REGULAR WAGES |
| | | 03/09/2018 | █████ | REGULAR WAGES |
| | | 03/23/2018 | █████ | REGULAR WAGES |
| | | 04/06/2018 | █████ | REGULAR WAGES |
| | | 04/20/2018 | █████ | REGULAR WAGES |
| | | 05/04/2018 | █████ | REGULAR WAGES |
| | | 05/18/2018 | █████ | REGULAR WAGES |
| | | 06/01/2018 | █████ | REGULAR WAGES |
| | | 06/15/2018 | █████ | REGULAR WAGES |
| | | 06/29/2018 | █████ | REGULAR WAGES |
| | | 07/13/2018 | █████ | REGULAR WAGES |
| | | | █████ | |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|------|------------------------|--------------|--------|-------------|
| LOPEZ, SHEILA<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | Chief Nursing Officer | 08/11/2017 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 08/25/2017 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 09/08/2017 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 09/22/2017 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 10/06/2017 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 10/20/2017 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 11/03/2017 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 11/17/2017 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 12/01/2017 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 12/15/2017 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 12/29/2017 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 01/12/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 01/26/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 02/09/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 02/23/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 03/09/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 03/23/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 04/06/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 04/20/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 05/04/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 05/18/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 06/01/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 06/15/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 06/29/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 07/13/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 07/27/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | 08/10/2018 | ██████ | REGULAR WAGES AND INSURANCE SUPPLEMENT |
| | | | ██████ | |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|---|---|---|---|---|
| MADISON, JEFFREY<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | Owner, Manager, And Ceo | 04/20/2018 | ██████ | REGULAR WAGES, INSURANCE SUPPLEMENT, AND AUTO ALLOWANCE |
| | | 05/04/2018 | ██████ | REGULAR WAGES, INSURANCE SUPPLEMENT, AND AUTO ALLOWANCE |
| | | 05/18/2018 | ██████ | REGULAR WAGES, INSURANCE SUPPLEMENT, AND AUTO ALLOWANCE |
| | | 06/01/2018 | ██████ | REGULAR WAGES, INSURANCE SUPPLEMENT, AND AUTO ALLOWANCE |
| | | 06/29/2018 | ██████ | REGULAR WAGES, INSURANCE SUPPLEMENT, AND AUTO ALLOWANCE |
| | | 06/29/2018 | ██████ | REGULAR WAGES, INSURANCE SUPPLEMENT, AND AUTO ALLOWANCE |
| | | 07/13/2018 | ██████ | REGULAR WAGES, INSURANCE SUPPLEMENT, AND AUTO ALLOWANCE |
| | | 08/10/2018 | ██████ | REGULAR WAGES, INSURANCE SUPPLEMENT, AND AUTO ALLOWANCE |
| | | | ██████ | |
| MADISON, JOHN<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | Brother Of Jeffrey Madison, Ceo | 08/11/2017 | ████ | REGULAR WAGES |
| | | 08/25/2017 | ████ | REGULAR WAGES |
| | | 09/08/2017 | ████ | REGULAR WAGES |
| | | 09/22/2017 | ████ | REGULAR WAGES |
| | | 10/06/2017 | ████ | REGULAR WAGES |
| | | 10/20/2017 | ████ | REGULAR WAGES |
| | | 11/03/2017 | ████ | REGULAR WAGES |
| | | 11/17/2017 | ████ | REGULAR WAGES |
| | | 12/01/2017 | ████ | REGULAR WAGES |
| | | 12/15/2017 | ████ | REGULAR WAGES |
| | | 12/29/2017 | ████ | REGULAR WAGES |
| | | 01/12/2018 | ████ | REGULAR WAGES |
| | | 01/26/2018 | ████ | REGULAR WAGES |
| | | 02/09/2018 | ████ | REGULAR WAGES |
| | | 02/23/2018 | ████ | REGULAR WAGES |
| | | 03/09/2018 | ████ | REGULAR WAGES |
| | | 03/23/2018 | ████ | REGULAR WAGES |
| | | 04/06/2018 | ████ | REGULAR WAGES |
| | | 04/06/2018 | ████ | REGULAR WAGES |
| | | | ████ | |
| MADISON, RACHEL<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | Sister-in-law Of Jeffrey Madison, Ceo | 10/20/2017 | ████ | REGULAR WAGES |
| | | 12/01/2017 | ████ | REGULAR WAGES |
| | | 03/09/2018 | ████ | REGULAR WAGES |
| | | 04/06/2018 | ████ | REGULAR WAGES |
| | | | ████ | |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|---|---|---|---|---|
| OWENS, KEVIN<br>1700 BRAZOS AVE<br>ROCKDALE, TX 76567 | Manager, Pmo | 08/11/2017 | ▇ | REGULAR WAGES |
| | | 08/25/2017 | ▇ | REGULAR WAGES |
| | | 09/08/2017 | ▇ | REGULAR WAGES |
| | | 09/22/2017 | ▇ | REGULAR WAGES |
| | | 10/06/2017 | ▇ | REGULAR WAGES |
| | | 10/20/2017 | ▇ | REGULAR WAGES |
| | | 11/03/2017 | ▇ | REGULAR WAGES |
| | | 11/17/2017 | ▇ | REGULAR WAGES |
| | | 12/01/2017 | ▇ | REGULAR WAGES |
| | | 12/15/2017 | ▇ | REGULAR WAGES |
| | | 12/29/2017 | ▇ | REGULAR WAGES |
| | | 01/12/2018 | ▇ | REGULAR WAGES |
| | | 01/26/2018 | ▇ | REGULAR WAGES |
| | | 02/09/2018 | ▇ | REGULAR WAGES |
| | | 02/23/2018 | ▇ | REGULAR WAGES |
| | | 03/09/2018 | ▇ | REGULAR WAGES |
| | | 03/23/2018 | ▇ | REGULAR WAGES |
| | | 04/06/2018 | ▇ | REGULAR WAGES |
| | | 04/20/2018 | ▇ | REGULAR WAGES |
| | | 05/04/2018 | ▇ | REGULAR WAGES |
| | | 05/18/2018 | ▇ | REGULAR WAGES |
| | | 06/01/2018 | ▇ | REGULAR WAGES |
| | | 06/15/2018 | ▇ | REGULAR WAGES |
| | | 06/29/2018 | ▇ | REGULAR WAGES |
| | | 07/13/2018 | ▇ | REGULAR WAGES |
| | | 07/27/2018 | ▇ | REGULAR WAGES |
| | | 08/10/2018 | ▇ | REGULAR WAGES |
| | | | ▇ | |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|------|------------------------|--------------|--------|-------------|
| PAYNE, CURTIS<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | Chief Information Officer | 08/11/2017 | ███ | REGULAR WAGES |
| | | 08/25/2017 | ███ | REGULAR WAGES |
| | | 09/08/2017 | ███ | REGULAR WAGES |
| | | 09/22/2017 | ███ | REGULAR WAGES |
| | | 10/06/2017 | ███ | REGULAR WAGES |
| | | 10/20/2017 | ███ | REGULAR WAGES |
| | | 11/03/2017 | ███ | REGULAR WAGES |
| | | 11/17/2017 | ███ | REGULAR WAGES |
| | | 12/01/2017 | ███ | REGULAR WAGES |
| | | 12/15/2017 | ███ | REGULAR WAGES |
| | | 12/29/2017 | ███ | REGULAR WAGES |
| | | 01/12/2018 | ███ | REGULAR WAGES |
| | | 01/26/2018 | ███ | REGULAR WAGES |
| | | 02/09/2018 | ███ | REGULAR WAGES |
| | | 02/23/2018 | ███ | REGULAR WAGES |
| | | 03/09/2018 | ███ | REGULAR WAGES |
| | | 03/23/2018 | ███ | REGULAR WAGES |
| | | 04/06/2018 | ███ | REGULAR WAGES |
| | | 04/20/2018 | ███ | REGULAR WAGES |
| | | 05/04/2018 | ███ | REGULAR WAGES |
| | | 05/18/2018 | ███ | REGULAR WAGES |
| | | 06/01/2018 | ███ | REGULAR WAGES |
| | | 06/15/2018 | ███ | REGULAR WAGES |
| | | 06/29/2018 | ███ | REGULAR WAGES |
| | | 07/13/2018 | ███ | REGULAR WAGES |
| | | 07/27/2018 | ███ | REGULAR WAGES |
| | | 08/10/2018 | ███ | REGULAR WAGES |
| | | | ███ | |
| ROCKDALE BLACKHAWK LLC<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | Affiliate | 05/15/2018 | $40,000.00 | TRANSFER TO ROCKDALE OPERATING ACCOUNT |
| | | | **$40,000.00** | |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|------|------------------------|--------------|--------|-------------|
| SHCHERBAKOV, KYLIE<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | Chief Compliance Officer | 08/11/2017 | ■■■ | REGULAR WAGES |
| | | 08/25/2017 | ■■■ | REGULAR WAGES |
| | | 09/08/2017 | ■■■ | REGULAR WAGES |
| | | 09/22/2017 | ■■■ | REGULAR WAGES |
| | | 10/06/2017 | ■■■ | REGULAR WAGES |
| | | 10/20/2017 | ■■■ | REGULAR WAGES |
| | | 11/03/2017 | ■■■ | REGULAR WAGES |
| | | 11/17/2017 | ■■■ | REGULAR WAGES |
| | | 12/01/2017 | ■■■ | REGULAR WAGES |
| | | 12/15/2017 | ■■■ | REGULAR WAGES |
| | | 12/29/2017 | ■■■ | REGULAR WAGES |
| | | 01/12/2018 | ■■■ | REGULAR WAGES AND RETENTION BONUS |
| | | 01/26/2018 | ■■■ | REGULAR WAGES |
| | | 02/09/2018 | ■■■ | REGULAR WAGES |
| | | 02/23/2018 | ■■■ | REGULAR WAGES |
| | | 03/09/2018 | ■■■ | REGULAR WAGES |
| | | 03/23/2018 | ■■■ | REGULAR WAGES |
| | | 04/06/2018 | ■■■ | REGULAR WAGES |
| | | 04/20/2018 | ■■■ | REGULAR WAGES |
| | | 05/04/2018 | ■■■ | REGULAR WAGES |
| | | 05/18/2018 | ■■■ | REGULAR WAGES |
| | | 06/01/2018 | ■■■ | REGULAR WAGES |
| | | 06/15/2018 | ■■■ | REGULAR WAGES |
| | | 06/29/2018 | ■■■ | REGULAR WAGES |
| | | 07/13/2018 | ■■■ | REGULAR WAGES |
| | | 07/27/2018 | ■■■ | REGULAR WAGES |
| | | 08/10/2018 | ■■■ | REGULAR WAGES |

| Name | Relationship to Debtor | Payment Date | Amount | Description |
|---|---|---|---|---|
| SHCHERBAKOV, STAS<br>1700 BRAZOS AVE<br>ROCKDALE, TX  76567 | Spouse Of Kylie Shcherbakov,<br>Chief Compliance Officer | 08/11/2017 | ██████ | REGULAR WAGES |
| | | 08/25/2017 | ██████ | REGULAR WAGES |
| | | 09/08/2017 | ██████ | REGULAR WAGES |
| | | 09/22/2017 | ██████ | REGULAR WAGES |
| | | 10/06/2017 | ██████ | REGULAR WAGES |
| | | 10/20/2017 | ██████ | REGULAR WAGES |
| | | 11/03/2017 | ██████ | REGULAR WAGES |
| | | 11/17/2017 | ██████ | REGULAR WAGES |
| | | 12/01/2017 | ██████ | REGULAR WAGES |
| | | 12/15/2017 | ██████ | REGULAR WAGES |
| | | 12/29/2017 | ██████ | REGULAR WAGES |
| | | 01/12/2018 | ██████ | REGULAR WAGES AND<br>RETENTION BONUS |
| | | 01/26/2018 | ██████ | REGULAR WAGES |
| | | 02/09/2018 | ██████ | REGULAR WAGES |
| | | 02/23/2018 | ██████ | REGULAR WAGES |
| | | 03/09/2018 | ██████ | REGULAR WAGES |
| | | 03/23/2018 | ██████ | REGULAR WAGES |
| | | 04/06/2018 | ██████ | REGULAR WAGES |
| | | 04/20/2018 | ██████ | REGULAR WAGES |
| | | 05/04/2018 | ██████ | REGULAR WAGES |
| | | 05/18/2018 | ██████ | REGULAR WAGES |
| | | 06/01/2018 | ██████ | REGULAR WAGES |
| | | 06/15/2018 | ██████ | REGULAR WAGES |
| | | 06/29/2018 | ██████ | REGULAR WAGES |
| | | 07/13/2018 | ██████ | REGULAR WAGES |
| | | 07/27/2018 | ██████ | REGULAR WAGES |
| | | 08/10/2018 | ██████ | REGULAR WAGES |

**Grand Total:  13**